**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated,<br>        Plaintiff,<br><br>        v.<br><br>KABERLINE HEALTHCARE INFORMATICS, INC. and JOHN DOES 1-10,<br><br>        Defendants. | Case No.: 4:15-cv-536<br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant Kaberline Healthcare Informatics, Inc. ("Kaberline") hereby removes this action from the Circuit Court of St. Louis County, Missouri, where the action is now pending, to the United States District Court for the Eastern District of Missouri, and states as follows:

**A.**    **This Court Has Federal Question Jurisdiction Over The Action**

1.    On February 6, 2015, Plaintiff Alan Presswood, D.C., P.C., ("Plaintiff") filed a putative class action petition in the Circuit Court of St. Louis County, Missouri, against Kaberline.  *See* Case No. 15SL-CC00432, Circuit Court of the County of St. Louis, Missouri State Court (the "State Court Action").

2.    Plaintiff's Petition includes a federal question because it includes a claim that Kaberline violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") contending that Kaberline sent unsolicited facsimiles to Plaintiff and the class members in violation of the TCPA.  Plaintiff, on his own behalf and on behalf of the putative class, seeks statutory damages for the alleged violations of 47 U.S.C. § 227(b)(3), as well as damages for conversion and violation of the Missouri Merchandising Practices Act.

SLC-7515728-1

3. In accordance with 28 U.S.C. § 1446(a), Defendant Kaberline has attached, as Exhibit A, a copy of Plaintiff's Summons and Petition, which are the only process, pleadings, or orders that have been served upon Kaberline.

4. Kaberline has not entered its appearance, filed a responsive pleading, or otherwise responded in the State Court Action.

5. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it asserts a claim that arises under the TCPA. The Supreme Court has specifically held that federal question jurisdiction exists over private actions, like this one, brought under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 742 (2012).

7. The Eastern Division of the Eastern District of Missouri is the division and district in which Plaintiff's State Court Action is pending.

8. Venue is proper because the St. Louis County Circuit Court, Missouri is within the United States District Court for the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. §§ 105, 1441(a) and 1446(a).

**B.     Removal Is Timely Under 28 U.S.C. § 1446(b)**

9. Plaintiff's Summons and Petition in this action were served on Kaberline on February 25, 2015.

10. This Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a

copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

11. Because Kaberline was served on February 25, 2015, the thirty-day time period continues through March 27, 2015.

12. This action is therefore timely removed pursuant to 28 U.S.C. § 1446(b) because this notice of removal was filed within thirty (30) days from the date that Kaberline was served with a copy of the Petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the thirty (30) day removal period does not begin to run until defendant is formally served); *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001) (same).

13. A copy of all process, pleadings, orders and other documents currently on file in the State Court Action at the time of removal, including the docket sheet, is attached hereto as Exhibit A.

14. The materials in Exhibit A include a return of service confirming that Kaberline was served February 25, 2015.

## ADDITIONAL PROCEDURAL REQUIREMENTS

15. Pursuant to Local Rules 2.02 and 2.03, the Original Filing Form has already been filed.

16. Pursuant to Local Rules 2.02 and 2.03, the Civil Cover Sheet has already been filed.

17. Pursuant to Local Rule 2.04, "Jury Trial Demanded" is written on the face of the Notice of Removal as Kaberline requests a jury trial.

18. Written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Kaberline hereby removes this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division and respectfully requests that this action proceed in this Court as an action properly removed.

Dated:  March 26, 2015

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Matthew D. Knepper
Matthew D. Knepper, 61731MO
James F. Monafo, 38774 MO
190 Carondelet Plaza #600
St. Louis, MO 63105
(314) 480-1500;  (314) 480-1505 fax
*Jim.monafo@huschblackwell.com*
*Matt.knepper@huschblackwell.com*
**ATTORNEYS FOR DEFENDANT KABERLINE HEALTHCARE INFORMATICS, INC.**

### CERTIFICATE OF SERVICE

The undersigned certify that on March 26, 2015, a copy of the foregoing was served on the parties listed below by U.S. Mail:

Max G. Margulis, Esq.
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017
Telephone:  (636) 536-7022
Facsimile:  (636) 536-6652
MaxMargulis@MargulisLaw.com

*Counsel for Plaintiff*

/s/ Matthew D. Knepper

SLC-7515728-1