# EXHIBIT A

## 15SL-CC00432 - ALAN PRESSWOOD, D.C., V KABERLINE HEALTHCARE ET A (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments |
| --- | --- | --- | --- | --- | --- | --- | --- |

| Garnishments/ Execution |
| --- |

.

**02/27/2015** ☐ **Certificate of Service**

Certificate of Service of Discovery issued to Defendant Kaberline Healthcare Informatics Inc.
  **Filed By:** MAX GEORGE MARGULIS
  **On Behalf Of:** ALAN PRESSWOOD, D.C., P.C.

**02/26/2015** ☐ **Agent Served**

Document ID - 15-SMCC-1052; Served To - KABERLINE HEALTHCARE INFORMATICS, INC.; Server - CISSELL, KEVIN; Served Date - 25-FEB-15; Served Time - 00:00:00; Service Type - Territory 16; Reason Description - Served; Service Text - LC

**02/09/2015** ☐ **Summons Issued-Circuit**

Document ID: 15-SMCC-1052, for KABERLINE HEALTHCARE INFORMATICS, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**02/06/2015** ☐ **Filing Info Sheet eFiling**

  **Filed By:** MAX GEORGE MARGULIS

☐ **Note to Clerk eFiling**

  **Filed By:** MAX GEORGE MARGULIS

☐ **Pet Filed in Circuit Ct**

Class Action Petition.

☐ **Motion Filed**

Motion for Class Certification.
  **Filed By:** MAX GEORGE MARGULIS
  **On Behalf Of:** ALAN PRESSWOOD, D.C., P.C.

☐ **Judge Assigned**

DIV 1

.

Electronically Filed - St Louis County - February 27, 2015 - 05:38 PM

STATE OF MISSOURI          )
                           )
COUNTY OF ST. LOUIS        )

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated, | Cause No. 15SL-CC00432 |
| Plaintiff, | Division 1 |
| v. | |
| KABERLINE HEALTHCARE INFORMATICS, INC., and JOHN DOES 1-10, | |
| Defendants. | |

## CERTIFICATE OF SERVICE OF DISCOVERY ISSUED TO
## DEFENDANT KABERLINE HEALTHCARE INFORMATICS, INC.

The undersigned certifies that Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Admissions Directed to Defendant and Plaintiff's First Request for Production of Documents Directed to Defendant were served on the Defendant, Kaberline Healthcare Informatics, by St. Louis County Sheriff on the 25th day of February, 2015.

_____
/s/  Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail:  MaxMargulis@MargulisLaw.com

FILED
FEB 26 2015
JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ROBERT S COHEN | Case Number: 15SL-CC00432 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ALAN PRESSWOOD, D.C., P.C.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br>KABERLINE HEALTHCARE INFORMATICS,<br>INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | **SHERIFF FEE<br>PAID** |
| Nature of Suit:<br>CC Injunction | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** KABERLINE HEALTHCARE INFORMATICS, INC.
Alias:

11642 LILBURN PARK RD
ST. LOUIS, MO 63146

SERVE WILLIAM WADE OR PERSON IN
CHARGE

*COURT SEAL OF*

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

09-FEB-2015
Date

_____
Clerk

Further Information:
TLC

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
MIKE KABERLINE (name) _____ (title).
☐ other _____
Served at S.A.A _____ (address)
in _____ (County/City of St. Louis), MO, on 2/25/15 (date) at 11:15 (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

FEB 19 2015

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ROBERT S COHEN | Case Number: 15SL-CC00432 | |
|---|---|---|
| Plaintiff/Petitioner:<br> ALAN PRESSWOOD, D.C., P.C.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br> KABERLINE HEALTHCARE INFORMATICS,<br>INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | **SHERIFF FEE PAID** |
| Nature of Suit:<br>CC Injunction | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **KABERLINE HEALTHCARE INFORMATICS, INC.**<br>Alias: |
| **11642 LILBURN PARK RD<br>ST. LOUIS, MO 63146** | **SERVE WILLIAM WADE OR PERSON IN CHARGE** |

**COURT SEAL OF**



**ST. LOUIS COUNTY**

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

09-FEB-2015
**Date**

_____ Clerk

**Further Information:**
**TLC**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                            Date                                            Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00    | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-1052**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**15SL-CC00432**

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

STATE OF MISSOURI      )
                          )
ST. LOUIS COUNTY     )

### IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated, | Cause No. _____ |
|       Plaintiff, | Division |
| v. | |
| KABERLINE HEALTHCARE INFORMATICS, INC., | ST. LOUIS COUNTY SHERIFF |
|      Serve:  William Wade or Person in Charge<br>            11642 Lilburn Park Rd.<br>            St. Louis, MO, 63146<br>            St. Louis County | |
| JOHN DOES 1-10, | |
|      Defendants. | |

### CLASS ACTION PETITION

     Plaintiff, ALAN PRESSWOOD, D.C., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, KABERLINE HEALTHCARE INFORMATICS, INC., and JOHN DOES 1-10 ("Defendants"):

### PRELIMINARY STATEMENT

     1.    This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**JURISDICTION AND PARTIES**

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

7.      Plaintiff ALAN PRESSWOOD, D.C., P.C., is a Missouri professional corporation with its principal place of business in Missouri.

8.      On information and belief, Defendant, KABERLINE HEALTHCARE INFORMATICS, INC., is a corporation with its principal place of business in St. Louis County, Missouri.

9.      Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

**RELEVANT FACTS**

10.     On or about the dates of March 24, 2011, October 2, 2012, December 7, 2012, January 14, 2013, February 5, 2013 May 28, 2013, July 6, 2013, December 16, 2013 and August 22, 2014. Defendants sent 8 unsolicited facsimiles to Plaintiff in Missouri.  A true and correct copy of the facsimiles are attached as Exhibits A – I (excluding any handwritten notations).

11.     The transmissions sent to Plaintiff on or about March 24, 2011, October 2, 2012, December 7, 2012, January 14, 2013, February 5, 2013 May 28, 2013, July 6, 2013, December 16, 2013 and August 22, 2014 constitutes material advertising the commercial availability of any property, goods or services.

12.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to many other persons as part of a plan to broadcast fax advertisements, of which Exhibits A – I are examples.

13.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

14.     Defendants created or made Exhibits A – I and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

15.     Exhibits A – I and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

16.     Exhibits A – I and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

17.     The transmission of facsimile advertisements, including Exhibits A – I, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

18.     The transmission of facsimile advertisements, including Exhibits A – I, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

19.     The transmission of facsimile advertisements, including Exhibits A – I, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

20.     The transmission of facsimile advertisements, including Exhibits A – I, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

21.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

22.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

23.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

24.     Defendants knew or should have known that:   (a) facsimile advertisements, including Exhibits A – I were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

25.     Defendants engaged in the transmissions of facsimile advertisements, including Exhibits A – I believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

26.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibits A – I to any person where such transmission was not authorized by law or by

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

27.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibits A – I both to others in general, and specifically to Plaintiff.

28.     The transmissions of facsimile advertisements, including Exhibits A – I to Plaintiff and other members of the class caused destruction of Plaintiff's property.

29.     The transmissions of facsimile advertisements, including Exhibits A – I to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

30.     The transmissions of facsimile advertisements, including Exhibits A – I to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

31.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

33.     A class action is warranted because:

a.      On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibits A – I and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A – I and other unsolicited faxed advertisements;

v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 USC § 227;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

7

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

viii.   Whether Defendants knowingly violated the provisions of 47 USC § 227;

ix.   Whether Defendants should be enjoined from faxing advertisements in the future;

x.   Whether the Court should award trebled damages; and

xi.   Whether Exhibits A – I and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 64 C.F.R. 1200.

c.   Plaintiff's claims are typical of the other class members.

d.   Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.   A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

8

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

35.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

37.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

38.     The TCPA provides:

> Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

39.     The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

40.     The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

41.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

42.    Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

43.    If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

44.    Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibits A – I and the other facsimile advertisements were advertisements, and (D) Exhibits A – I and the other facsimile advertisements did not display the proper opt out notice.

45.    Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A – I and the other facsimile advertisements hereto to Plaintiff and the other members of the class without

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

46.     Defendants knew or should have known that:  (a) documents Exhibits A – I and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibits A – I; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibits A – I and the other facsimile advertisements did not display a proper opt out notice.

47.     Defendants engaged in the transmissions of documents Exhibits A – I and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

48.     Defendants did not intend to send transmissions of documents Exhibits A – I and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibits A – I and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

49.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

Exhibits A – I and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

50.      Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, KABERLINE HEALTHCARE INFORMATICS, INC. and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

12

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

D.    That the Court award costs and such further relief as the Court may deem just and proper.

E.    That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

**COUNT II**
**CONVERSION**

51.    Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 21 – 23 and 25 – 30 as for its paragraph 51.

52.    Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

53.    A class action is proper in that:

a.    On information and belief the class is so numerous that joinder of all members is impracticable.

b.    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

i.    Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii.    Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

13

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

      iii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – I and other unsolicited faxes;

      iv.     Whether Defendants committed the tort of conversion; and

      v.     Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

54.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

55.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

14

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

56.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

57.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

58.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

59.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

60.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

61.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

62.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, KABERLINE HEALTHCARE INFORMATICS, INC. and JOHN DOES 1-10, jointly and serverally, as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.   That the Court award appropriate damages;

C.   That the Court award costs of suit; and

D.   Awarding such further relief as the Court may deem just and proper.

### COUNT III
### MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### Chapter 407

63.   Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 21 – 23 and 25 – 30 as for its paragraph 63.

64.   In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

16

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

65.     A class action is proper in that:

a.      On information and belief the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – I and other unsolicited faxes;

iii.    Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

iv.     Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

v.      Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

vi.

c.      Plaintiff's claims are typical of the other class members.

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

d.      Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

66.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

67.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

68.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

69.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

18

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

70.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

71.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, KABERLINE HEALTHCARE INFORMATICS, INC. and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

D.     That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

19

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

E.    That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.    That the Court award damages and attorney fees for violation of Chapter 407;

G.    That the Court award attorney fees and costs;

H.    That the Court award all expenses incurred in preparing and prosecuting these claims;

I.    That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

J.    Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/ Max G. Margulis_____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Case: 4:13-cv-00536-CEJ    Doc. #: 1-1   Filed: 03/26/15   Page: 28 of 39 PageID #: 32

Electronically Filed - St. Louis County - February 06, 2015 - 11:59 AM

*Presswood*

# The New Lytec 2011 on Sale at 25% Discount Until 3/30/2011

# Lytec.

Giving Physicians More Time to Care

The upcoming ANSI 5010 requirements from Medicare will likely require that you upgrade to Lytec 2011.

Purchase the ANSI 5010 compliant Lytec 2011 by 3/30/11 and receive a *25% discount*.

ANSI 5010 is significantly more complex than NPI. There are numerous fields missing from previous versions of Lytec that may be required in certain circumstances. For example, Special Federal Program fields are required to submit claims as part of these programs, Condition Codes are now required on professional claims, additional patient demographic fields, additional accept assignment fields, changes to billing provider information in Box 33, Pay To address and much more.

You can prepare for ANSI 5010 *and* EMR stimulus incentives with Lytec MD 2011 PM/EMR

Make moving to a combined PM/EMR solution part of your upgrade. Designed specifically for Lytec users, Lytec MD features Bright Note Technology that lets physicians capture an entire patient encounter in a single note using their preferred input method.

Call or Email us *today* to take advantage of all the new features that Lytec 2011 has to offer!

Kaberline Healthcare Informatics, Inc.
866.994.3891 ext. 3 or
Lytec2011@edocoffice.com

**Hurry. Offer expires 3/30/2011.**

*25% offer is for all versions of core Lytec 2011 software upgrade

# EXHIBIT A

Electronically Filed - St. Louis County - February 06, 2015 - 11:59 AM

# Lytec.

*Presswood*

38 x

## the affordable and complete
### practice management solution

## Upgrade to the all New Lytec 2013 by *10/22/2012*
## and Receive a **Special Discount of 15-25% +**
## Free ePrescribing until June 30th, 2013!

*Discount % varies by version.



**Contact us Today
at 866-994-3891 or
Lytec2013@kaberline.com
Visit us on the web at
www.kaberline.com**



CERTIFIED
PLATINUM
VAR

Certified **PLATINUM**
**McKESSON**
*Value Added Reseller*



CERTIFIED
PLATINUM
RESELLER



**DRAGON**
NATURALLYSPEAKING®
CERTIFIED PARTNER



**KABERLINE
HEALTHCARE
INFORMATICS**



ELITE
**DRAGON**
MEDICAL
PARTNER

Kaberline Healthcare Informatics, Inc. | 866-994-3891

# EXHIBIT B

Electronically Filed - St. Louis County - February 06, 2015 - 11:59 AM

Presswood

39×

# Lytec.

## the affordable and complete
### practice management solution

# Upgrade to Lytec 2013 by *12/28/2012*
# and Receive up to *30% Discount!*



**Contact us Today**
**at 866-994-3891 or**
**Lytec2013@kaberline.com**
**Visit us on the web at**
**www.kaberline.com**





Certified PLATINUM
**MⁱKESSON**
*Value Added Reseller*





KABERLINE
HEALTHCARE
INFORMATICS



Kaberline Healthcare Informatics, Inc. | 866-994-3891



Presswood

40x

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

Didn't unwrap that new iPad or iPad mini that you wanted?

➤ Upgrade to Lytec 2013 by February 15, 2013, and we'll give you an Apple gift card worth up to $399.

Call us for details: **(314) 994-3880 or 1-866-994-3891**



Tap.

Tap.

Done.

Discover

Lytec

Mobile.



Let everyone else worry about how long superbills will be with ICD-10 codes.

Lytec 2013 and Lytec Mobile solutions can help you:

- Electronically capture charges and diagnosis entries, (no more paper superbills!)

- Enter charges and diagnoses from anywhere

- Submit claims to your biller at the tap of a button

- View your schedule on your mobile device

- Support simplified patient accounting

- Track practice performance efficiently and easily

- And...receive RelayHealth's e-prescribing at no additional cost through June 30, 2013!

**www.kaberline.com/lytec-2013**

It's time to go Mobile.

Lytec Mobile, a free application for the iPad, iPad mini, iTouch and iPhone, and Lytec 2013, the latest upgrade for the Lytec practice mangement system, combine to help your practice run smarter, optimize reimbursement, and improve productivity. Using the combined offerings of Lytec 2013 and Lytec Mobile, will help you verify insurance eligibility before scheduled appointments, collect co-payments and balances due at the time of check in, submit claims electronically, produce professional, easy-to-read patient statements, and electronically capture your charges and diagnoses.

Call us at (314) 994-3880 and learn how you can go Mobile. (And don't forget: the early bird gets the worm; upgrade by February 15, 2013 for an Apple gift card worth up to $399!)

# EXHIBIT D

aberline Healthcare Information, Inc. Case: 4.15-cv-00530-CEJ Doc. #: 1-1 Filed: 03/26/15 To: Presswood Chiropractic Center (16369250128) Page: 32 of 39 PageID #: 36 10:18 02/05/13 EST Pg 1

Presswood

4|V

Electronically Filed - St. Louis County - February 06, 2015 - 11:59 AM

Didn't unwrap that new iPad or iPad mini that you wanted?

➤ Upgrade to Lytec 2013 by February 15, 2013, and we'll give you an Apple gift card worth up to $399.

Call us for details: **(314) 994-3880 or 1-866-994-3891**



**www.kaberline.com/lytec-2013**

Tap.

Tap.

Done.

Discover

Lytec

Mobile.



Let everyone else worry about how long superbills will be with ICD-10 codes.

Lytec 2013 and Lytec Mobile solutions can help you:

• Electronically capture charges and diagnosis entries, (no more paper superbills!)

• Enter charges and diagnoses from anywhere

• Submit claims to your biller at the tap of a button

• View your schedule on your mobile device

• Support simplified patient accounting

• Track practice performance efficiently and easily

• And...receive RelayHealth's e-prescribing at no additional cost through June 30, 2013!

It's time to go Mobile.

Lytec Mobile, a free application for the iPad, iPad mini, iTouch and iPhone, and Lytec 2013, the latest upgrade for the Lytec practice mangement system, combine to help your practice run smarter, optimize reimbursement, and improve productivity. Using the combined offerings of Lytec 2013 and Lytec Mobile, will help you verify insurance eligibility before scheduled appointments, collect co-payments and balances due at the time of check in, submit claims electronically, produce professional, easy-to-read patient statements, and electronically capture your charges and diagnoses.

Call us at (314) 994-3880 and learn how you can go Mobile. (And don't forget: the early bird gets the worm; upgrade by February 15, 2013 for an Apple gift card worth up to $399!)



**EXHIBIT E**

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

# FREE TECHNOLOGY OPEN HOUSE
### Don't Miss Out on this Special Event Hosted by McKesson, Gateway EDI, Philips & Kaberline!


### KABERLINE HEALTHCARE INFORMATICS

42

**Thursday June 6th, 2013  3–7 pm** (drop-in anytime)

**Kaberline Healthcare Informatics**
**11642 Lilburn Park Rd** *Presswood*
**Saint Louis, MO  63146**

(Near I-270 & Page in Maryland Heights)

### FREE iPAD, Dragon Medical plus more!

*First 40 to register will be entered to win an iPad - the ideal tool for eliminating paper superbills with the New Mobile App!*
*(Must Attend to Win)*

## ICD-10 is just around the corner - learn how to be prepared, Industry Expert from Gateway EDI will be in attendance!

Join us for valuable information and one-on-one product demonstrations

➤ **Practice Choice –**
McKesson's new web-based EMR

➤ **Lytec/Medisoft Mobile –**
iPad/iPhone Apps *available at No Cost*

➤ **Bill Flash –**
Patient statements made easy while saving $

➤ **AutoRemind –**
Reduce patient no-shows by 50%

➤ **Dragon Medical Practice Edition –**
Accurate and easy voice recognition

➤ **Gateway EDI –**
Easy, accurate, and integrated claims

➤ **Philips Mobile Dictation –**
Dictate remotely from a recorder or iPhone

## McKesson Practice Choice™


**Lytec** the affordable and complete practice management solution


**Gateway EDI**

**DRAGON**
MEDICAL PRACTICE EDITION

**PHILIPS**


CMS ICD-10

**EXHIBIT F**

**Registration Form:** (Please call, fax, register online at www.kaberline.com/expo or scan here to register) ➡

Practice Name: _____  Fax _____
Phone: _____  Email: _____
Names of Attendees: _____  _____
                     _____  _____

**Ph: 314-994-3880    Fax: 314-994-3885    Email: TechExpo@kaberline.com**

  

43

# Get Lytec with ICD-10 Readiness

## 30% off our *Practice Management Solutions* now!

Are you getting ready for the new ICD-10 codes, which take effect on October 1, 2014? The deadline will be upon us very quickly. You need time to learn new ICD-10 codes for your practice and to test insurance claims in advance. **DON'T WAIT ! Pre-purchase Lytec 2014 today with ICD-10 readiness**, and get **Lytec 2013 shipped immediately** at **no additional cost.**[1]

As an incentive, we are also offering a special discount. For a very limited time, receive **30% OFF** the Lytec practice management system. **PLUS** Kaberline Healthcare Informatics will be there to help you along the way by providing *FREE* **Unlimited Gateway EDI Claims Support.**

## ICD-10 Readiness and More

The transition from ICD-9 to ICD-10 will significantly impact your practice's workflow, and Lytec can help you manage the changes. With Lytec 2014, you can take advantage of several features that are designed to reduce manual entry and minimize the complexity of ICD-9 to ICD-10 mapping. With this release, you will be able to:

- Enter ICD-10 codes on your diagnosis list
- Set the code version by insurance carrier so you can continue to use ICD-9 codes for carriers who will not have transitioned by **October 1, 2014**
- Receive a notification if the wrong code is used for a carrier
- Use a mapping tool based on CMS's General Equivalent Mappings (GEM) to translate some ICD-9 codes to ICD-10

In addition to ICD-10 readiness, when you purchase today you get all the billing, scheduling and patient accounting enhancements currently available in Lytec 2013, including Lytec Mobile. With this no-fee application for the iPad® and iPhone®, you can use your phone or tablet to view your schedule and to transmit charges, diagnosis codes and notes to your front desk or biller.

For more information on this special offer, please contact **Jon Jung**
Kaberline Healthcare Informatics, Inc.
**314-994-3880** or **Lytec2014@kaberline.com**
*Lytec 2012 Consultant of the Year Award Winner*







Any descriptions of future functionality reflect current product direction, are for informational purposes only and do not constitute a commitment to provide specific functionality. Timing and availability remain at McKesson's discretion and are subject to change and applicable regulatory approvals.

# EXHIBIT G

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

```
l:Kaberline Healthcare Informatics, Inc.    To: Presswood Chiropractic Center (1636925
.28)                    16:15 12/16/13 EST Pg  1-1
```

*Presswood*

*72*

## Important Dates Regarding the New CMS 1500 Claim Form

**\* January 6, 2014**:  Payers begin receiving and processing paper claims submitted on the revised CMS 1500 Claim Form using ICD-9 codes.

**\* January 6, 2014 through March 31, 2014:**  Dual use period during which payers continue to receive and process paper claims submitted on the old CMS 1500 Claim Form using ICD-9 codes and the new CMS 1500 Claim Form.

**\* April 1, 2014**:  Payers receive and process paper claims submitted only on the revised CMS 1500 Claim Form using ICD-9 codes until October 1, 2014.  After that date only ICD-10 codes will be accepted.

This timeline found on www.nucc.org aligns with Medicare's transition timeline.

**Save**

**15%**

We know preparing for ICD10 and meeting deadlines like the new CMS 1500 claim form are not always in the budget. Therefore we are offering an automatic 15% discount through December 20, 2013.  Save 15% on all versions of Lytec 2014 (new and upgrades).

**Call today to save -- 866-994-3891**
**or email: Lytec2014@kaberline.com**

**Offer Valid Until: 12/20/2013**

# KABERLINE HEALTHCARE INFORMATICS, INC.

*Gateway EDI Preferred Vendor*
Lytec 2013-2014 Certified Diamond Value Added Reseller
Lytec 2013 Consultant of the Year Award Winner
Lytec 2013 Platinum Business Excellence Award

## McKESSON
*Empowering Healthcare*



# EXHIBIT 




## 30% Off Lytec upgrades purchased by Sept. 30th



The new ICD-10 codes will be mandatory after October 1, 2015.
That deadline will be upon us very quickly.   We highly recommend your staff and providers gradually begin to learn and utilize a few new ICD-10 codes each week.  You need the upcoming months to get comfortable with, and to understand the new expanded ICD-10 codes.   You also need to initiate testing of your electronic insurance claims in advance.  **DON'T WAIT !**

If you order **Lytec 2015** in advance today, you will receive the current **Lytec 2014** version immediately, including ICD-10 readiness and the new CMS 1500 02/2012 Claim Form at **no additional cost.**

As an incentive, we are also offering a special discount.  For a very limited time, you will receive **30% OFF** the Lytec practice management system.   PLUS  Kaberline Healthcare Informatics will be there to help you along the way by providing *FREE* **Unlimited Gateway EDI Claims Support.**

### ICD-10 Readiness and More

The transition from ICD-9 to ICD-10 will significantly impact your practice's workflow, and Lytec can help you manage the changes. With Lytec 2014, you can take advantage of several features that are designed to reduce manual entry and minimize the complexity of ICD-9 to ICD-10 mapping. With this release, you will be able to:

- Enter ICD-10 codes on your diagnosis list
- Set the code version by insurance carrier so you can continue to use ICD-9 codes for carriers who will not have transitioned by October 1, 2015
- Receive a notification if the wrong code is used for a carrier
- Use a mapping tool based on CMS's General Equivalent Mappings (GEM) to translate many ICD-9 codes to ICD-10

In addition to ICD-10 readiness, when you purchase today you get all the billing, scheduling and patient accounting enhancements currently available in Lytec, including Lytec Mobile.  With this no-fee application for the iPad® and iPhone®, you can use your phone or tablet to view your schedule and to transmit charges, diagnosis codes and notes to your front desk or biller.

For more information on this special offer, please contact
**Kaberline Healthcare Informatics, Inc.**
**314-994-3881** or **Lytec2015@kaberline.com**
*Lytec 2013 Consultant of the Year Award Winner*





¹Any descriptions of future functionality reflect current product direction, are for informational purposes only and do not constitute a commitment to provide specific functionality. Timing and availability remain at McKesson's discretion and are subject to change and applicable regulatory approvals.

**15SL-CC00432**

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

ALAN PRESSWOOD, D.C., P.C., individually and on
behalf of all others similarly-situated,

      Plaintiff,

v.

KABERLINE HEALTHCARE INFORMATICS,
INC.,
and
JOHN DOES 1-10,

      Defendants.

Cause No. _____

Division

### MOTION FOR CLASS CERTIFICATION [1]

      COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by

and through its undersigned counsel, and for its Motion for Class Certification, states

      1.     This cause should be certified as a class because all of the necessary elements of

Rule 52.08 are met.

      2.     Plaintiff requests that the Court certify a class, so the common claims of the Class

---

[1]     Recent developments in class action practice make necessary the filing of this motion with the petition. Defendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative class representative and thereby derail the class action litigation. Most courts have rejected these pick-off attempts and have held that the filing of a motion for class certification with the initial petition or within a number of days after service of any settlement offer to a named plaintiff staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996); *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n. 12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at * 4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).
2.

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

members, based on a uniform legal theory and factual allegations applicable to all Class members, can be resolved on a class-wide basis.

3.      Plaintiff proposes the following Class definition:

All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages of material advertising medical software by or on behalf of Defendants.

4.      Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1).  Here, there are at least hundreds of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5.      There are questions of law or fact common to the Class members.

6.      The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.      Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.      Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.      The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.      Plaintiff requests additional time to file its supporting Memorandum of Law after the Court sets up an appropriate discovery schedule.   Written discovery related to class

Electronically Filed - St Louis County - February 06, 2015 - 11:59 AM

certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file its Memorandum of Law in Support of this Motion; and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

<u>   /s/ Max G. Margulis   </u>
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
F:  (636) 536-6652 - Residential
E-Mail:  MaxMargulis@MargulisLaw.com

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
P: (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendant KABERLINE HEALTHCARE INFORMATICS, INC. by the Sheriff of St. Louis County at the same time as the petition.

<u>   /s/ Max G. Margulis   </u>

3